# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0267, <u>J.T. v. J.B.</u>, the court on July 13, 2023, issued the following order:**

On April 22, 2022, the Circuit Court (<u>Alfano</u>, J.) issued a final stalking protective order against the defendant, effective from April 22, 2022, to April 21, 2023.  <u>See</u> RSA 633:3-a (Supp. 2022).  On December 13, 2022, the defendant's appeal was submitted on the briefs, without oral argument, for decision.  On January 31, 2023, we remanded the matter to the trial court for additional fact finding and stayed further processing of the appeal.  <u>J.T. v. J.B.</u>, No. 2022-0267 (non-precedential order at 1-2), 2023 WL 1319320 (N.H. January 31, 2023).

A copy of the trial court's subsequent order was filed and docketed in this case on February 27, 2023.  On April 5, 2023, we issued an order allowing the parties to file supplemental briefs by April 20, 2023, addressing the trial court's order.  On April 25, 2023, the plaintiff filed a statement in which he represented that he "does not believe that the continuation of the restraining order is warranted" and that "the Defendant no longer poses a threat" to him.

Generally a matter is moot when it no longer presents a justiciable controversy because the issues involved have become academic or dead.  <u>Londonderry Sch. Dist. v. State</u>, 157 N.H. 734, 736 (2008).  Circumstances under which we might exercise our discretion to address an issue that is otherwise moot include cases where there is a pressing public interest involved or future litigation may be avoided.  <u>In re Guardianship of R.A.</u>, 155 N.H. 98, 101 (2007).  When a case becomes moot on appeal "due to circumstances unattributable to any of the parties," vacatur — remand to the trial court with instructions to vacate its judgment — tends to be favored.  <u>U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership</u>, 513 U.S. 18, 23 (1994) (quotation omitted).  "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." <u>Id</u>. at 25.

Accordingly, on May 24, 2023, the parties were each invited to file a brief memorandum, on or before June 8, 2023, showing cause why we should not vacate the circuit court's appealed decision and remand with instructions to dismiss on the grounds of mootness.  Neither party filed a memorandum in response to the May 24, 2023 order.  We therefore vacate the circuit court's

appealed decision and remand with instructions for the circuit court to dismiss the case on the grounds of mootness.  See U.S. Bancorp Mortg. Co., 513 U.S. at 22-23.

Vacated and remanded.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**